# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS
# EASTERN DIVISION

| | |
|---|---|
| IN RE<br><br>SARAH WILSON,<br><br>　　　　　　　Debtor<br>―――――――――――<br>SARAH WILSON,<br><br>　　　　　　　Plaintiff<br><br>v.<br><br>COUNTRYWIDE HOME LOANS, INC.,<br>and<br>DEUTSCHE BANK NATIONAL TRUST<br>　COMPANY, TRUSTEE, ON BEHALF<br>　OF THE CERTIFICATE-HOLDERS OF<br>　MORGAN STANLEY ABS CAPITAL I<br>　INC. TRUST 2004-NC3, MORTGAGE<br>　PASS THROUGH CERTIFICATES,<br>　SERIES 2004-NC3,<br><br>　　　　　　　Defendants | Chapter 13<br>Case No. 05-17557-FJB<br><br><br><br><br><br>Adversary Proceeding<br>No. 08-1243 |

**MEMORANDUM OF DECISION ON**
**<u>DEFENDANTS' MOTION FOR SUMMARY JUDGMENT</u>**

By her complaint in this adversary proceeding, the plaintiff and chapter 13 debtor, Sarah Wilson ("Wilson" or the "Debtor"), seeks principally a determination that, by virtue of alleged defects in the assignment of her loan, Deutsche Bank, Trustee, on behalf of the Certificate-holders of Morgan Stanley ABS Capital I Inc. Trust 2004-NC3, Mortgage Pass Through Certificates, Series 2004-NC3 ("Deutsche Bank") is neither the assignee of the mortgage on her residence nor the holder of the promissory note this mortgage secures. The matter is before the Court on a motion by Deutsche Bank for summary judgment. For the reasons set forth

below, the Court will allow the motion and declare that Deutsche Bank is the holder of the note and owner of the mortgage.

**Procedural History**

Wilson filed a petition for relief under Chapter 13 of the Bankruptcy Code on August 22, 2005. On or about September 23, 2005, Deutsche Bank filed a proof of claim in the case for total debt of $244,825.18, secured by a mortgage encumbering Wilson's home at 24 Taunton Avenue, Mattapan (Boston), Massachusetts.  The proof of claim further alleged that, as of the petition date, the Debtor's arrearage on the mortgage loan was in the amount of $26,467.20.   Attached to the Proof of Claim were copies of a Note and Mortgage originally given by the Debtor to New Century Mortgage Corporation on or about December 19, 2003.  Wilson did not object to the proof of claim, and, in the absence of timely objection, the claim was allowed by operation of law.[1]

The Debtor filed a chapter 13 plan in which she proposed to cure the prepetition arrearage on the Deutsche Bank mortgage loan and quantified the arrearage at $15,000.   Deutsche Bank objected to confirmation of the plan on the basis of the discrepancy between the plan and its proof of claim as to the amount of the arrearage.   The matter was resolved by agreement.  Pursuant to the agreement, Wilson amended her plan to provide for payment of the arrearage in the amount claimed by Deutsche Bank, and, on April 19, 2006, the Court confirmed a subsequent version of the plan as so modified.

Later, in 2008, the Debtor filed a motion to reconsider the claim of Deutsche Bank, stating that she had discovered cause to believe that Deutsche Bank's title to the mortgage is not valid.  On November 3, 2008, the Court granted the motion to reconsider, stating that the claim would be reconsidered in the context of this adversary proceeding.

---

[1] The Debtor concedes this point.  Complaint, ¶ 46.  *See* MLBR App.1, Rule 13-13(e) ("Any claim to which a timely objection is not fled shall be deemed allowed and paid by the chapter 13 trustee in accordance with the provisions of the confirmed plan.").

2

The Debtor filed her complaint in this adversary proceeding on September 9, 2008. The complaint states four counts. In the first, she seeks declarations (i) that Deutsche Bank is not the holder of the note, because the note bears no indorsement to bearer or to Deutsche Bank, (ii) that the assignment of the mortgage to Deutsche Bank is invalid because the assignment was received directly from the originator of the note, not from the "depositor" specified in the governing Pooling and Servicing Agreement (the "PSA"), in violation of that same PSA, and (iii) for the foregoing reasons and pursuant to 11 U.S.C. § 506(d), an order declaring the mortgage lien void.[2] In the second count, Wilson seeks disallowance of Deutsche Bank's proof of claim on the basis that the proof of claim was filed for Deutsche Bank by Countrywide Home Loans, Inc., who was not the servicer of the loan and therefore had no authority to file the proof of claim for Deutsche Bank; the actual servicer was Countrywide Home Loans Servicing L.P. In the third count, Wilson seeks an accounting of the amount due on the mortgage loan and disallowance of portions thereof that are excessive or not provided for in the note or otherwise allowable by law. And in the fourth count, Wilson seeks compensatory and punitive damages and attorney's fees for any diversion by Deutsche Bank of payments to purposes for which they were not intended.

The matter is before the Court on the motion of Deutsche Bank for summary judgment as to all four counts. In support of its motion, Deutsche Bank has submitted the affidavits of Ronaldo Reyes (original and supplemental), Carine Evers Tillman, and Amy Lipman-White, together with a Statement of Undisputed Facts. In opposition, Wilson has submitted no affidavits and filed no response to the Statement of Undisputed Fact.

---

[2] Though she makes this demand, she does not contend that the underlying note and mortgage are invalid, and she has not joined the original mortgagee, New Century Mortgage Corporation, as a defendant.

3

**Summary Judgment Standard**

A party is entitled to summary judgment only upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). Where the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action. The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least one material fact. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989). The court makes no findings of fact but only determines whether there exists a genuine issue of material fact and, if not, whether, on the uncontroverted facts, the moving party is entitled to judgment as a matter of law.

**Count I**

In Count I, Wilson challenges Deutsche Bank's claim to be both the holder of the promissory Note and the present assignee of the mortgage securing it. Deutsche Bank now seeks summary judgment as to both parts of this challenge.

    a.    **Promissory Note**

On summary judgment, Deutsche Bank seeks to establish that it is the holder of the Note. It contends and has adduced evidence (i) that the Note was indorsed in blank by New Century, which made it into a bearer instrument, negotiable by transfer of possession alone, (ii) that possession of the

4

Note was transferred by New Century to Deutsche Bank on December 31, 2003, and (iii) that Deutsche Bank has had physical custody of the Note since that time, except only when it was relinquished to Countrywide Home Loans Servicing LP as agent and servicer of the Wilson loan for Deutsche Bank. On the basis of these facts, Deutsche Bank concludes, it is the holder of the Note and, as holder, entitled to all payments to be made on it.

Wilson does not dispute that Deutsche Bank has adduced this evidence, that indorsement of a note in blank renders it negotiable by transfer of possession alone, or that, as the possessor of a note endorsed in blank, Deutsche Bank is entitled to all payments on it. Rather, she contends that certain evidence in the record creates two genuine issues of material fact: (i) whether the indorsement of the note was valid and, if it was valid, (ii) whether the indorsement occurred before the commencement of this case.

The validity of the indorsement is called into question, Wilson contends, because the signer's signature—that is, the signature of one Magda Villanueva, as Assistant Vice President/Shipping Manager for New Century Mortgage Corporation—appears on two separate documents, first in the indorsement in blank of the promissory note and second on the assignment of mortgage from New Century to Deutsche Bank, but the two signatures are very different. The signature on the note is a stamp that spells out in legible script the name Magda Villanueva; the signature on the assignment of mortgage is a handwritten squiggle that bears no resemblance to the stamped signature on the note and appears to spell out the letter M but nothing more. The Debtor suggests that this difference between the two signatures is evidence that Ms. Villanueva's signature on the note is a forgery,[3] creating a genuine issue as to its authenticity and for that reason gives cause to conclude that the note was not properly negotiated from New Century to Deutsche Bank.

---

[3] She has adduced no other evidence in support of her contention that the signature on the note is not authentic. To be clear, I understand the Debtor to be arguing that the issue arises from the difference between the two signatures. I do not understand her to argue that the stamped signature is inauthentic or invalid by virtue of its being stamped. Nor could she. See G. L. c. 106, § 3-401(b) ("A signature may be made . . . by means of a device or machine").

5

Notwithstanding the differing signatures, the Court concludes that there is no genuine issue as to the authenticity of the signature. "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings." G. L. c. 106, § 3-308(a). This is an action with respect to an instrument: in Count I, Wilson seeks a determination that Deutsche Bank is not the holder of the note, an instrument. And Wilson did not in her complaint specifically deny the authenticity of the signature of Ms. Viilanueva.[4] Accordingly, the authenticity of the signature is deemed admitted as a matter of law.

Wilson also contends that there exists a genuine issue of material fact as to the timing of the signature. Wilson points to a copy of the note bearing no indorsement that was appended to Deutsche Bank's proof of claim, which proof of claim was filed in this case on September 23, 2005. Wilson contends that this copy and the time of its filing are evidence that as late as September 23, 2005, the note was not yet endorsed. Similarly, Wilson also points to a copy of the note, again bearing no indorsement, that was appended to the motion for relief from the automatic stay that was filed by Deutsche Bank in this case on February 15, 2006. Wilson contends that this copy and the time of its filing are evidence that as late as February 15, 2006, the note was not yet indorsed.

The Court concludes that there is no genuine issue of material fact as to timing because timing is immaterial to Count I. The issue before the Court is nothing more than whether Deutsche Bank *is* the holder of the note.[5] Regardless of when the note was indorsed, it is uncontroverted that it is *now* indorsed and in the possession of Deutsche Bank. "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed." G.L. c. 106, § 3-205(b). By virtue of its possession of a note indorsed in blank, Deutsche Bank is the holder of the note. G.L. c. 106, § 3-301 ("Person entitled to enforce" an instrument includes the holder of the

---

[4] Wilson did not challenge the authenticity of the signature in her complaint or even in her written opposition to the motion for summary judgment. She raised the issue for the first time at the hearing on the motion for summary judgment.

[5] As Wilson's counsel emphasized at the hearing on the present motion, the issue is, "who do we actually ultimately owe?" Transcript, p. 19.

instrument."); *First National Bank of Cape Cod v. North Adams Hoosac Savings Bank*, 7 Mass. App. Ct. 790, 797 (1979) ("As the holder of the note, [plaintiff] also would be entitled to all payments to be made by the mortgagors on the note."). The Court therefore concludes that there is no genuine issue of material fact and that, on the uncontroverted facts, Deutsche Bank is the holder of the note.[6]

### b. Mortgage

Deutsche Bank also demands summary judgment as to the portion of Count I in which Wilson seeks a determination that Deutsche Bank does not have title to the mortgage securing the note. In support of this portion of its motion, Deutsche Bank has adduced the affidavit of Ronaldo Reyes, in which he avers that on December 30, 2003, New Century executed an Assignment of the Mortgage in favor of Deutsche Bank, that this Assignment was endorsed by Ms. Villanueva, and that it was duly recorded in the appropriate registry of deeds on April 21, 2005. In response, Wilson does not contend that there exists a genuine issue as to this evidence. Rather, she argues that because the transfer of the mortgage did not follow the path specified and required by the Pooling and Servicing Agreement ("PSA") that defines Deutsche Bank's obligations with respect to this and other loans, the transfer is invalid. In the alternative, Wilson also argues that even if the transfer was valid, Deutsche Bank's mortgage is junior to undischarged prior mortgages.

The latter argument may be rejected out of hand as inapposite: neither the present count nor any count in Wilson's complaint is about priority. The present count is about the validity of New Century's assignment of the mortgage to Deutsche Bank.[7]

---

[6] If timing were relevant, the Court would find that the copies of the note that Wilson cites as evidence do not by themselves create a genuine issue of material fact. The mere existence of one or more copies of the note that were made from the original before it was indorsed does not create a genuine issue as the timing of the indorsement without further evidence as to when the copies were made from the original. Wilson has introduced no such evidence. For this reason, I need not address the content and admissibility of the Supplemental Affidavit of Ronaldo Reyes.

[7] In addition, Wilson has adduced no evidence regarding priority, only counsel's unsworn representations as to the state of record title. Counsel does not indicate whether he examined the record himself and concedes that he is

In the former argument, Wilson argues that the PSA required that all mortgages acquired thereunder to be funneled to Deutsche Bank, as pool trustee, through the entity designated by the PSA as "depositor," whom Wilson identifies as Morgan Stanley ABS Capital I Inc. A failure to follow this protocol—such as by direct assignment of the mortgage from the loan originator to the pool trustee, bypassing the depositor—would, Wilson contends, constitutes a breach of the PSA. The Debtor argues that because the Assignment of Mortgage is a direct assignment from New Century to Deutsche Bank that bypasses the depositor, it must be invalid. This argument falls far short of its goal. Even if this direct assignment were somehow violative of the PSA, giving rise to unfavorable contractual and other consequences,[8] neither the PSA nor those consequences would render the assignment itself invalid. The Court concludes that there is no genuine issue of material fact and, on the uncontroverted evidence, Deutsche Bank has title to the mortgage.

**Count II**

In Count II, Wilson seeks disallowance of Deutsche Bank's proof of claim on the basis that the proof of claim was filed for Deutsche Bank by Countrywide Home Loans, Inc., who was not the servicer of the loan and therefore had no authority to file the proof of claim for Deutsche Bank; it is undisputed the actual servicer was Countrywide Home Loans Servicing LP. The defendants seek summary judgment on the basis that the proof of claim was filed by Deutsche Bank, not by Countrywide Home Loans, Inc., and that there is no evidence to the contrary. In support of this contention, the defendants adduce the proof of claim itself, which is part of the record in this case. The proof of claim identifies the claimant as Deutsche Bank. It is signed by attorney Amy Lipman-White, who, in an affidavit filed in support of this

---

not an expert in reviewing registry records. Moreover, his presentation as to the state of record title is unintelligible, as is his entire argument as to priority.

[8] The Court does not conclude that the Assignment of Mortgage from New Century to Deutsche Bank violates the PSA or gives rise to unfavorable tax, regulatory, contractual, or tort consequences; Wilson's argument is so lacking in detail on all these points as to constitute no real argument at all, certainly none permitting the conclusions she urges on the Court.

8

motion, states that she represents Deutsche Bank in this case and that the proof of claim was filed by Deutsche Bank.  The name of Countrywide Home Loans, Inc. appears in the proof of claim only as the entity to whom notices concerning the claim should be transmitted.  In response, Wilson has submitted no evidence that the proof of claim was filed by Countrywide Home Loans, Inc.   Accordingly, there is no genuine issue of material fact.  On the uncontroverted evidence, the proof of claim was filed by and in the name of Deutsche Bank.  For lack of evidence to support the theory on which Count II is predicated, the defendants are entitled to judgment on this count as a matter of law.

In addition, the theory informing this count is not a basis on which the Debtor sought reconsideration of Deutsche Bank's claim.  A claim may be reconsidered for cause, 11 U.S.C. § 502(j) and FED R. BANKR. P. 3008, but, in her motion for reconsideration, the Debtor did not advance this basis as cause for reconsideration, and she does not now articulate any cause for reconsideration, such as that this basis could not have been known to her in time to file a timely objection to the claim.

Insofar as by this count Wilson also seeks disallowance of the claim on the further basis that Deutsche Bank is not the holder of the note or assignee of the mortgage, this count is entirely derivative of Count I and requires no separate disposition.

**Count III**

In Count III, Wilson states that, for two reasons, she cannot ascertain how much she owes to Deutsche Bank.  The first is that Deutsche Bank's proof of claim "includes charges that appear to be excessive or are not provided for in the note or otherwise allowable by law."  She specifies that these include undocumented foreclosure fees and costs of $5,784.62, property inspection fees of $112.50, title fees of $425, a broker's price opinion charge of $380, and postpetition bankruptcy fees of $675.  The second reason is that "Countrywide and/or Deutsche Bank may have improperly diverted payments by [Wilson] and the Chapter 13 trustee to purposes for which the payments were not intended."  She

9

asks (i) that the defendants be ordered to provide her with an accounting and with documentary support for amounts claimed as due for additional fees and charges and (ii) that the court disallow fees, charges, principal, or interest to the extent that these are incorrect.

**a. Estoppel as to Charges included in Prepetition Arrears**

In their motion for summary judgment, the defendants argue that they are entitled to summary judgment on Count III insofar as it seeks to challenge anew the charges that were included in Deutsche Bank's proof of claim. Wilson is estopped from relitigating these charges, the defendants argue, because the extent of the prepetition arrearage was settled by agreement between the parties. Specifically, in the main bankruptcy case, Plaintiff filed a chapter 13 plan in which she listed and proposed to cure a prepetition arrearage to Deutsche Bank that the plan quantified at $15,000.00. Deutsche Bank's proof of claim asserted that the prepetition arrearage was in the amount of $26,467.20. The Defendants objected to the chapter 13 plan because of this discrepancy. After negotiations between the parties, the matter was resolved by agreement. Pursuant to the agreement, the defendants agreed to withdraw their objection to the chapter 13 plan on the condition that Wilson amend her plan to provide for payment of the arrearage in the amount claimed by Deutsche Bank. On April 19, 2006, the Court confirmed a subsequent version of the plan as so modified. All of this is established by uncontroverted evidence and the record in this case. Wilson has not responded to this argument.

The Court holds that there are no genuine issues of material fact and that, on the uncontroverted evidence, Wilson is bound by her agreement with Deutsche Bank as to the amount of the arrearage, including the charges that comprised it and brought it to the amount claimed by

10

Deutsche Bank.[9] These include all the charges that Wilson identified in Count III of her complaint with the sole exception of postpetition bankruptcy fees of $675.

### b. Lack of Evidence to Support Allegations of Diversion and Improper Charges

Deutsche Bank also seeks summary judgment as to the balance of Count III on the basis that Wilson cannot adduce substantial evidence, or any evidence at all, to place in question any part of the Deutsche Bank's proof of claim or the debits and credits to her account that have accrued postpetition. Deutsche Bank contends that its proof of claim enjoys prima facie validity which may be rebutted only by substantial evidence. In response, Wilson has adduced no evidence in support of this count. She concedes that she cannot show that Deutsche Bank's proof of claim and payoff statement[10] are incorrect. Rather, she argues that all the necessary information is in the sole control of Deutsche Bank, and therefore that the burden is on Deutsche Bank to itemize and justify its charges and the amount of its claim.

The Court begins by clarifying what is and remains at issue here. First, Count III is a request for the equitable remedy of an accounting. It does not place in issue any specific debit or credit to Wilson's loan balance. Rather, I understand Wilson to be asking for an order compelling Deutsche Bank to itemize and justify the debits and credits to its account, after which Wilson would challenge such items in that account as she saw fit, the disputed items would be adjudicated, and upon adjudication of the disputed items, the court would quantify the debt owing as of a date certain.

Second, the court has ruled above that the prepetition arrearage has been quantified and will not be relitigated in the context of this adversary proceeding. Therefore, the extent of all unpaid

---

[9] In addition, by the doctrine of collateral estoppel, the confirmation order precludes Wilson from revisiting the amount of the prepetition arrearage and the amounts comprising it as set forth in Deutsche Bank's proof of claim. In any event, this is not a basis on which Wilson sought reconsideration of Deutsche Bank's proof of claim, and Wilson has asserted no cause for reconsidering the amount of the claim.

[10] Wilson is concerned with a payoff statement provided by Countrywide Home Loans and dated July 8, 2008. Though she attached a copy of the payoff statement to her response to the motion for summary judgment, the copy is unauthenticated, and no copy of the payoff statement has properly been placed in evidence.

11

charges and payments of principal and interest through the date of the bankruptcy filing are finally determined. Once those matters are removed from the scope of this count, the count concerns only postpetition debits and credits to the mortgage debt. With the exception of $675 for postpetition bankruptcy fees (this amount is now outdated and has surely grown significantly), these were not included in a proof of claim, Deutsche Bank having filed no proof of claim since shortly after the commencement of the case. In addition, Wilson has never filed a plan in this case that would pay Deutsche Bank's claim in full—the confirmed plan proposes only to cure the prepetition arrearage; and, as this case is now over five years old, Wilson may not obtain confirmation of an amended plan because she could not complete that plan within the statutory maximum of five years. 11 U.S.C. § 1322(d) (prior to amendment in 2005) ("the court may not approve a period that is longer than five years"). Consequently, the present request for an accounting would serve no purpose related to the relief she seeks by and through a plan in chapter 13.

The equitable remedy of an accounting is available in limited circumstances, most commonly where a fiduciary relationship exists or where the accounts are so complicated that an action at law would not be an adequate remedy. *Porter v. Reid*, 79 F.Supp. 898, 907 (D. Mass. 1948) (applying Massachusetts law). And "there is a large measure of discretion vested in the court to decide whether to allow an accounting." *Id.*

The defendants are entitled to summary judgment as to the demand for an accounting. Wilson does not allege that Deutsche Bank stands in a fiduciary relationship to her, and, on the uncontroverted facts, no fiduciary relationship is evident. Nor has Wilson alleged, much less adduced evidence to show, that her loan balance is so difficult to quantify that an action at law would not be an adequate remedy. Moreover, the only justification asserted for an accounting is not a definite allegation of fact but a mere statement of possibility: that the defendants Bank "*may have* improperly diverted payments . . . to

12

purposes for which the payments were not intended."[11] This is mere speculation, in light of which the request for accounting appears to be nothing more than what the defendants contend it is: a fishing expedition. Consequently, on the uncontroverted facts, Wilson has neither adduced evidence of, nor even articulated a basis for, entitlement to an accounting.

**Count IV**

In Count IV, Wilson seeks damages for violation of the automatic stay. The defendants seek summary judgment on this count on the basis that Wilson has alleged and adduced no facts suggesting that they improperly diverted any funds. The Court agrees that Count IV does not even allege that either defendant violated the stay. She alleges only that "[t]o the extent that Countrywide and/or Deutsche Bank diverted payments by the plaintiff and/or the Chapter 13 trustee to purposes other than for which they were intended, Countrywide and/or Deutsche Bank violated the automatic stay provisions of 11 USC § 362." This proposition, even if true, is not an allegation that Countrywide or Deutsche Bank actually did divert payments by the plaintiff or the Chapter 13 trustee to improper purposes. This count therefore fails to state a claim on which relief can be granted, and the defendants are entitled to judgment on this count as a matter of law.

---

[11] Complaint, at ¶ 56 (emphasis added).

13

**Conclusion**

For the reasons set forth above, the Court concludes that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. By separate order, the Court will allow Defendants' Motion for Summary Judgment and dismiss this adversary proceeding on its merits.

Date: November 29, 2010

_____
Frank J. Bailey
United States Bankruptcy Judge